Mr. Justice Gantt
dissenting, delivered the following opinion;
I dissent from the opinion delivered in this case, on the ground, that the decision made by the' Ordinary in favor of paper B. as the last will and testament of Robert Haig, in opposition to the paper A. was strictly correct and legal. Paper B. was written, as appears by the evidence, after that of A. had been duly executed. It was in the handwriting of the testator himself, and as the last will governs, the former testamentary paper A. was ipso facto, revoked. Nothing remained to he done by the testator to per- *413 Ibct-lb’e paper B. as his will. li the intention of the testator was kit equivocal, after an act so plainly demonstra' live of a revocation of the paper A. as was evidenced bv the paper B, the declarations of the testator were sufficient to remove all doubt. He said to Elfe, that he had made a new will, and that he had left out Smith, who had been named executor in his former u ill, with other declarations, shewing that the new will alluded to, was the paper B.-~ Thus considered, I think paper A. was legally revoked by the act of the testator in writing paper B. and declaring as be did, the latter to be ids will. The doubt which the case affords, in my opinion is, whethir the paper B. war. revoked in turn by paper C. Now I lay no stress upon the circumstance of this paper C. having remained fora considerable time in the possession of the testator unexe-cuted as he intended, to-wit, by the. attestation of witnesses. Those were unnecessary formalities, (being ol' per- . sonal estate.) The'day previous to the testator’s death, he declared C. to be bis will, and that be meant to execute it the next clay. He was prevented by the act of God from completing his intention, and this circumstance from the authority of the case quoted from Phillemore's Reports, 72, gives efficacy to the intention of the testator, and would establish the paper C. as his last will and testament; and this intention ought injustice to be carried into execution, where it can be done consistent with the rules of law. 3 am inclined to think that C. might have been considered without any violation of legal principies as the last will and testament of the testator. But ii it could not, then the paper B. remained of force and unrevoked. 'Whether the paper B. was revoked by that of C. is rendered doubtful from the circumstance that the testator declared an intention of doing a farther act before C. was to be considered as complete. Admit therefore that the latter was not perfected according to law, then D. remained unrevoked and of force. I am inclined however, upon the. whole oi the caseto consider the paper B. and the memorandum on the back of C- all in the band writing of the testator himself, *414 as constituting bis last will and testament. The design of the testator in the memorandum alluded to, was merely to enlarge a bequest given by the paper B. and whilst it affords additional evidence of the revocation of A. is a tacit recognition (hat 33. was designed as his last will and testament. In thus hastily declaring my dissent to an opinion otherwise unanimous, I am free to acknowledge the distrust I entertained as to its correctness; but believing that I have tbe sanction of law for its support, I should be unfaithful to myselí to withhold the expression of mj< opinion.